GRIMES, Chief Judge.
Following the filing of a petition for administration of the Estate of Albert Vetro-vec in the probate division of the Pinellas County circuit court, a son and two grandchildren of Mr. Vetrovec filed a suit for declaratory judgment against Ella K. Vet-rovec in the civil division of that court. *1126 Therein they contended that as survivors of Mr. Vetrovec they were entitled to certain savings accounts and stock which they held jointly with him. Mrs. Vetrovec, who was the stepmother and stepgrandmother of the plaintiffs, was also the personal representative of Mr. Vetrovec’s estate, but they did not sue her in that capacity. She filed a motion to dismiss which the court granted, ruling that the probate court should determine the matter.
Mr. Vetrovec’s son and one of the grandsons then filed a petition in the probate court for determination of the ownership of the stock and savings accounts. In response, Mrs. Vetrovec filed an affidavit which stated that her deceased husband had purchased all of the stock and had established all the savings accounts with his own funds, that he had kept possession and control of these assets solely to himself throughout his life and that he never intended to make gifts of any part of them at any time. Following a hearing, the court ruled that the petitioners as surviving joint owners were entitled to the stock and savings accounts. From this order, Mrs. Vetro-vec makes a timely appeal.
At the hearing the attorneys made arguments concerning the impact of the presumption which arises from title being placed in joint names, the effect of the lack of delivery of the assets, and the applicability of certain statutes pertaining to joint savings accounts. However, it is clear that the court dismissed the petition for an entirely different reason. The court said:
I feel that the estate — I’ll say that the P.R. had an opportunity to present any proof in the other lawsuit that there should be a reason why these assets, which are numbered in the inventory 4 through 12, should not pass according to the title the way they were drawn, such as joint with the son, Laddie, and joint with the grandson, Bruce. I feel that the estate, in failing to correct the title in that lawsuit, abandoned their efforts to bring it into the estate as an estate asset, and, therefore, I’m going to grant the petition and direct that the lady turn over the assets.
The court erred in ruling that by failing to assert her position in the first lawsuit Mrs. Vetrovec waived the right to defend against the claims made in the later proceedings. In the first place, she was not' originally sued in her representative capacity. More significant, however, is the fact that in ruling that the probate division should handle the claims instead of the civil division, the civil division judge specifically stated that “there has been no determination on the merits of this matter.” Consequently, Mrs. Vetrovec did not suffer an adverse ruling in the first case, and there was nothing to indicate that she had abandoned her position.
We reverse the order dismissing the petition and remand the case for a determination on the merits.
SCHEB and RYDER, JJ., concur.